# UNITED STATES DISTRICT COURT

219 U.S. Courthouse
El Paso, Texas 79901

William G. Putnicki
Clerk of Court

08 FEB 29 PM 4: 22

CLERK-LAS CRUCES

February 26, 2008

Matthew J. Dykman, Clerk

200 Federal Bldg
200 East Griggs Avenue
Las Cruces, NM

CIV 08 - 218    BB  /  LCS

    I, WILLIAM G. PUTNICKI, Clerk of the United States District Court for the Western District of Texas, do hereby certify and transfer jurisdiction to theDistrict of New Mexico, Las Cruces Division, pursuant to an Order entered transferring, by the Honorable Judge Frank Montlavo. Enclosed please find certified copies of the docket sheet and order transferring jurisdiction and docket in the cause entitled: <u>William Schuller, Yvette Schuller, etc.  vs  Ojas Shah, Tejal Shah etc. : EP-07-CV-335-FM.</u>

                                            IN TESTIMONY WHEREOF, I have hereunto Subscribed my name and affixed the seal of the aforesaid Court at El Paso, Texas, on February 26, 2008 .

                                            WILLIAM G. PUTNICKI, CLERK

BY: _____
                                          Veronica Montoya, Deputy

*Please acknowledge receipt on the enclosed
copy of this letter and return in the SASE.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| WILLIAM SCHULLER, YVETTE SCHULLER, KIMBERLY SCHULLER, KATELYN SCHULLER, KAYLA SCHULLER and ZECHARI SCHULLER,<br>　　　　Plaintiffs,<br><br>v.<br><br>OJAS SHAH, TEJAL SHAH, SUBHASHOHANDRA KHAROD, GORDHAN PATEL, Individually and dba MOTEL 6, RUIDOSO, NEW MEXICO,<br>　　　　Defendants. | §§§§§§§§§§§§§§§§ | EP-07-CA-335-FM |

## MEMORANDUM OPINION AND ORDER
## TRANSFERRING CASE TO THE DISTRICT OF NEW MEXICO

On December 28, 2007, Defendants Subhashohandra Kharod ("Kharod") and Gordhan Patel ("Patel"), individually and dba Motel 6, Ruidoso, New Mexico, filed a joint "Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction and 12(b)(3) Motion to Dismiss for Improper Venue" ("Motion") [Rec. No. 9]. Plaintiffs William Schuller, Yvette Schuller, Kimberly Schuller, Kayla Schuller, and Zechari Schuller (collectively, "the Schullers") filed a "Memorandum in Response to Defendant's [sic] Motion to Dismiss for Improper Venue" ("Response") [Rec. No. 11] on January 17, 2008. To date, Kharod and Patel have not replied. For the reasons discussed below, the Court concludes it lacks personal jurisdiction over Kharod and Patel. The Court additionally finds venue is not proper in the Western District of Texas. It appearing the District of New Mexico would have personal jurisdiction over Kharod, Patel, and

A true copy of the original, I certify.
Clerk, U. S. District Court
By_____ Deputy

the remaining two defendants in this action, and venue would also be proper in that District, the Court will transfer this action to the District of New Mexico, Las Cruces Division, for further proceedings.

I. **BACKGROUND**

The Schullers, who are Texas citizens and residents, filed "Plaintiffs' Original Complaint" ("Complaint") [Rec. No. 2] in United States District Court for the Western District of Texas, El Paso Division, on September 28, 2007. Therein, the Schullers raise one claim, arguing the defendants were negligent in failing to keep their premises clean and insect free.[1] In support of their claim, the Schullers allege the following:

> The Plaintiff rented a motel room at the Motel 6 located at 412 U.S. Highway 70, Ruidoso, New Mexico, a motel owned by the Defendants, on or about October 1, 2005. After checking into the room, and laying [sic] down on the beds, the Plaintiffs were bitten by an unknown insect or insects. Plaintiffs immediately checked out of the room, immediately returned home to El Paso, Texas[,] where they developed a rash. It was in El Paso, Texas[,] that they received medical treatment for their injuries.[2]

The passage quoted above represents the entire factual basis for the Schullers' negligence claim against the defendants. The Schullers assert this Court has jurisdiction to adjudicate the merits of their claim "under 28 U.S.C. § 1332(a)(2) because the suit is between citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs."[3] The Schullers contend venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391(a)(2) and

---

[1] Pls.' Compl., Rec. No. 2, at ¶ 8.

[2] Pls.' Compl., Rec. No. 2, at ¶ 6.

[3] Pl.'s Compl., Rec. No. 2, at ¶ 3.

2

§ 1391(b)(2).

Kharod and Patel, like the other defendants named in this cause, are citizens and residents of California. In their Motion, Kharod and Patel contend this Court lacks personal jurisdiction over them. Specifically, Kharod and Patel argue they have insufficient contacts with the State of Texas to bestow either specific or general jurisdiction over their persons. In support of their argument, Kharod and Patel have submitted affidavits attesting to their lack of contact with the State of Texas.[4] Alternatively, even assuming the Court has personal jurisdiction over them, Kharod and Patel argue venue is improper in the Western District of Texas because the events giving rise to the Schullers' negligence claim occurred exclusively in Ruidoso, New Mexico. They therefore ask the Court to transfer the case to the United States District Court for the Central District of California.

The Schullers do not dispute Kharod and Patel's assertion that the Court lacks personal jurisdiction over them. However, the Schullers insist venue is proper in the Western District of Texas, El Paso Division, because El Paso is where they received medical treatment for the insect bites and rash they allegedly sustained. In the event the Court finds venue is not proper in the Western District of Texas, the Schullers ask the Court to transfer this cause to the District of New Mexico, Las Cruces Division.

Before analyzing the merits of the parties' arguments, the Court considers the applicable law.

---

[4] Defs.' Mot. to Dismiss, Rec. No. 9, Ex. A (G. Patel Aff.) & Ex. B (S. Kharod Aff.).

3

## II.   APPLICABLE LAW

### A.   Federal Rule of Civil Procedure 12(b)(2) – Lack of Personal Jurisdiction

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) ("Rule 12(b)(2)") allows a nonresident defendant to challenge a court's jurisdiction over the defendant or the defendant's property.[5] "'When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident.'"[6] The plaintiff may meet his burden by presenting a prima facie case that personal jurisdiction over the nonresident defendant is proper.[7] When adjudicating a Rule 12(b)(2) motion, the district court must take the uncontroverted allegations in the plaintiff's complaint as true.[8] In addition, the district court must resolve any factual conflicts in the plaintiff's favor for purposes of determining whether a prima facie case for personal jurisdiction exists.[9]

"A federal district court sitting in diversity may exercise personal jurisdiction over a nonresident defendant if (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) exercise of such jurisdiction by the forum state is consistent with due

---

[5] *See* FED. R. CIV. P. 12(b)(2) (authorizing a defendant to raise the defense of no personal jurisdiction).

[6] *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994) (quoting *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985)).

[7] *Id.* (citing *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985)).

[8] *Id.* (citing *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990)).

[9] *Bullion*, 895 at 217.

4

process under the United States Constitution."[10] In this case, Texas is the forum state. Because Texas's long-arm statute has been interpreted to extend to the limits of due process, the Court need only consider whether it would offend the Fourteenth Amendment's Due Process Clause to exercise personal jurisdiction over Kharod and Patel.[11]

The Fourteenth Amendment's Due Process Clause "prohibits the exercise of personal jurisdiction over a non-resident defendant unless the defendant has meaningful 'contacts, ties, or relations' with the forum state."[12] For the exercise of jurisdiction to be proper, "the defendant's conduct and connection with the forum State" must be "such that he should reasonably anticipate being haled into court there."[13] Personal jurisdiction may be general or specific.[14] "Where a defendant has 'continuous and systematic general business contacts' with the forum state, the court may exercise 'general' jurisdiction over any action brought against that defendant."[15] "Where contacts are less pervasive, the court may still exercise 'specific' jurisdiction 'in a suit arising out of or related to the defendant's contacts with the forum.'"[16]

To determine whether personal jurisdiction is consistent with the Due Process Clause,

---

[10] *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999).

[11] *Mink*, 190 F.3d at 336; *Electrosource, Inc. v. Horizon Battery Techs., Ltd.*, 176 F.3d 867, 871 (5th Cir. 1999).

[12] *Stroman Realty, Inc. v. Wercinski*, __ F.3d __, __, 2008 U.S. App. LEXIS 1179, *13 (citing *International Shoe Co. v. State of Wash.*, 326 U.S. 310, 319 (1945)).

[13] *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 296 (1980).

[14] *Stroman Realty*, __ F.3d at __, 2008 U.S. App. LEXIS 1179, *13.

[15] *Id.* at __, 2008 U.S. App. LEXIS 1179, *13 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 & 415 n.9 (1984)

[16] *Id.* at __, 2008 U.S. App. LEXIS 1179, *13 (citing *Helicopteros*, 466 U.S. at 414 n.8).

courts apply the following three-pronged test: (1) whether the defendant has minimum contacts with the forum state, "i.e., whether it purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there"; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable."[17]

B.   *Federal Rule of Civil Procedure 12(b)(3) – Improper Venue*

Federal Rule of Civil Procedure 12(b)(3) permits a defendant to challenge the plaintiff's choice of venue.[18] When a defendant raises the issue of improper venue, it becomes the plaintiff's burden to show his choice of venue is proper.[19] The court must accept all allegations in the plaintiff's complaint as true and resolve all factual conflicts in his favor.[20]

Here, the Schullers rely on 28 U.S.C. § 1391(a)(2) and § 1391(b)(2) for their selection of venue. Title 28 U.S.C. § 1391 states, in pertinent part:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may

---

[17] *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 378 (5th Cir. 2002) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).

[18] FED. R. CIV. P. 12(b)(3).

[19] *See Psarros v. Avior Shipping, Inc.*, 192 F.Supp.2d 751, 753 (S.D. Tex. 2002) (collecting cases).

[20] *Braspetro Oil Services Company-Brasoil v. Modec*, 2007 U.S. App. LEXIS 11172 (5th Cir. 2007) (unpublished) (citing *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004)).

6

>otherwise be brought.
>
>(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.[21]

### C. Transfer of Venue

Title 28 U.S.C. § 1406(a) allows "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."[22] "The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed has personal jurisdiction over the defendants or not."[23]

## III. DISCUSSION

The Court first considers the question of personal jurisdiction. As previously noted, it is the Schullers who bear the burden of establishing the Court's personal jurisdiction over Kharod and Patel.[24] The Schullers have made no effort in this regard whatsoever, choosing only to dispute the issue of venue in their Response. Kharod and Patel, in contrast, have come forward

---

[21] 28 U.S.C. § 1391(a) & (b).

[22] 28 U.S.C. § 1406(a).

[23] *Goldlawr v. Heiman*, 369 U.S. 463, 466 (1962).

[24] *Wilson*, 20 F.3d at 648.

7

with affidavits attesting their lack of contact with the State of Texas. A showing of sufficient minimum contacts with the forum state is a prerequisite to the exercise of personal jurisdiction.[25] Under these circumstances, the Court concludes it would offend the Due Process Clause to exercise personal jurisdiction over Kharod and Patel.

Although the Court has determined it lacks personal jurisdiction over Kharod and Patel, its conclusion does not moot Kharod and Patel's challenge to venue. Even if the Court were to dismiss the Schullers' lawsuit as to Kharod and Patel for lack of personal jurisdiction, this case would continue as to Defendants Ojas Shah and Tejal Shah ("the Shahs"). The Shahs, by the Schullers' own account, are similarly situated to Kharod and Patel.[26] The Shahs are therefore likely to raise the same objections to the Schullers' choice of venue once the Schullers effect service upon them. In addition, by virtue of Kharod and Patel's venue challenge, the Schullers have been given an ample opportunity to brief the issue. The Court thus finds the Schullers will not be prejudiced by the Court's decision to reach the merits of Kharod and Patel's venue argument.

As discussed previously, the Schullers rely on 28 U.S.C. § 1391(a)(2) and § 1391(b)(2) for their selection of venue. The Court first notes the Schullers' reliance on § 1391(b)(2) is misplaced. The Schullers assert the Court's jurisdiction over their claim arises solely from the diversity statute, namely 28 U.S.C. § 1332. The Schullers thus cannot look to § 1391(b)(2) for support, because § 1391(b)(2) expressly applies only to cases which are *not* founded on diversity

---

[25] *Nuovo Pignone*, 310 F.3d 3at 378.

[26] According to the Schullers, the Shahs are citizens of California and may be served at the same California business address given for Kharod and Patel. *See* Pl.'s Compl., Rec. No. 2, at ¶ 2.

8

of citizenship.[27] Accordingly, the Schullers must rely on § 1391(a)(2), which governs venue in cases founded on diversity jurisdiction.[28]

Pursuant to § 1391(a)(2), for venue to be proper in the Western District of Texas, a substantial part of the events or omissions giving rise to the Schullers' negligence claim must have occurred here. The Schullers argue the medical treatment they obtained in El Paso, Texas, satisfies this standard. Kharod and Patel urge the Court to reject this argument, asserting the insect bites the Schullers allegedly received in Ruidoso, New Mexico, are the defining event for purposes of the Schullers' negligence claim. After due consideration, the Court concludes Kharod and Patel are correct. Section 1391(a)(2)'s plain language leads to no other conclusion. The alleged events "giving rise to" the Schullers's negligence claim clearly occurred exclusively in Ruidoso, New Mexico. El Paso, Texas, is merely where the Schullers received medical treatment for their alleged injuries. It is not where a substantial part of the events or omissions giving rise to their negligence claim occurred.[29] The Court therefore concludes venue is

---

[27] *See* 28 U.S.C. § 1391(b).

[28] *See* 28 U.S.C. § 1391(a).

[29] *See e.g. Roberson v. Southwest Freight Lines*, 2007 U.S. Dist. LEXIS 80816, *3 (W.D. La. 2007) (unpublished) ("[C]ourts have consistently held that the situs of the accident is the determining factor for § 1391(a)(2) – not the place where the plaintiff received treatment or continued to suffer disability."); *Ortiz v. Robert Holman Trucking, Inc.*, 2006 U.S. Dist. LEXIS 28419, *5-6 (S.D. Tex. 2006) (unpublished) (noting "[c]ourts have held that the place where an accident occurred is a proper venue" and concluding venue was not proper in the Southern District of Texas because the accident at issue occurred in Louisiana and only "evidence related to damages, including witnesses and documents pertaining to Plaintiff's medical condition" were located in the Southern District of Texas); *Joseph v. Emmons*, 2005 U.S. Dist. LEXIS 5528, *8 (E.D. La. 2005) (unpublished) ("[T]he place of the accident that caused the injury is the defining factor in determining the substantial part of events, not the place where the plaintiff received treatment or continued to suffer disability."); *Jenkins v. Georgia-Pacific Co.*, 2002 U.S. Dist. LEXIS 7398, *3 (E.D. La. 2002) (unpublished) ("The event or omission giving rise to Plaintiff's claim is the vehicular accident that occurred in Baton Rouge [in the Western District of Louisiana], not the medical treatment he allegedly received [in the Western District of Louisiana] as a

improper in the Western District of Texas.

Having determined venue is not proper in the Western District of Texas, the Court must now decide whether to dismiss this action without prejudice to refiling in the appropriate district[30] or transfer the case to a district in which it could have been brought.[31] After careful consideration, the Court concludes it is appropriate to transfer this cause rather than dismiss it. The District of New Mexico being the judicial district in which "a substantial part of the events or omissions giving rise to the claim occurred,"[32] the Court will therefore cause this action to be transferred to the District of New Mexico, Las Cruces Division, for further proceedings.

## IV.   CONCLUSION AND ORDERS

For the reasons discussed above, the Court finds it lacks personal jurisdiction over Defendants Kharod and Patel. The Court further concludes venue is improper in the Western

---

result of the accident."); *cf. Smith v. Fortenberry*, 903 F. Supp. 1018, 1020-21 (E.D. La. 1995) ("The instant case . . . involves a simple albeit injurious vehicular accident that occurred in Mississippi. The substantial part of the events giving rise to plaintiff's claim must be informed by the accident between [plaintiff] and [defendant]. [Plaintiff]'s claim that his treatment in Louisiana should be considered as the substantial [part of the events giving rise to the claim is misplaced because the injury he sustained from the accident is the defining event, not the hospitals or physicians' offices where he obtained treatment. Thus, nothing in [28 U.S.C. § 1391(b)(2)] countenances plaintiff's proposition that medical treatment in Louisiana was 'a substantial part of the events giving rise to the claim,' and nothing in the cited jurisprudence lends support to plaintiff's misguided epiphany that venue is applicable in the Eastern District of Louisiana.").

[30] *See* FED. R. CIV. P. 12(b)(3) (authorizing dismissal for improper venue).

[31] *See* 28 U.S.C. § 1406(a) (authorizing transfer when venue is improper); *Goldlawr*, 369 U.S. at 466 ("The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed has personal jurisdiction over the defendants or not."); *see also Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993) ("Whether dismissal or transfer is appropriate lies within the sound discretion of the district court."); *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983) ("The decision whether a transfer [pursuant to 28 U.S.C. § 1406(a)] or dismissal is in the interest of justice ... rests within the sound discretion of the district court.").

[32] 28 U.S.C. §1391(a)(2).

District of Texas. The Court will therefore direct the Clerk of the Court to transfer this action to the District of New Mexico, Las Cruces Division, for further proceedings. The Court accordingly enters the following Orders:

A. Kharod and Patel's Motion [Rec. No. 9] is **GRANTED** to the following extent: the Court directs the Clerk of the Court to **TRANSFER** this cause to the District of New Mexico, Las Cruces Division, for further proceedings.

B. All pending motions in this cause, if any, are **DENIED AS MOOT**.

C. The Clerk of the Court shall administratively **CLOSE** this case.

**SO ORDERED.**

SIGNED this 20 day of **February, 2008.**

**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**

11